UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NORTH DAKOTA

SOUTHWESTERN DIVISION

_____

| | |
|---|---|
| UNITED STATES OF AMERICA, | 1:11-CR-144 |
| Plaintiff, | |
| vs. | MEMORANDUM IN SUPPORT OF MOTION IN LIMINE |
| CHRISTOPHER THOMAS CONDON, | |
| Defendant. | |

_____

The Defendant, Christopher Thomas Condon, by and through his attorney, Assistant Federal Public Defender Heather Mitchell, submits this Memorandum of Law in support of Defendant's Motion in Limine to Prohibit Specified Evidence pursuant to Rule 47.1 of the United States District Court for the District of North Dakota.

## STATEMENT OF FACTS

On June 25, 2012, The Defendant made a phone call to his mother to discuss whether he should plead guilty or go to trial. During the course of the phone call, the Defendant describes a conversation that he had with his attorney explaining to his mother that his attorney "thinks she can get me off on a technicality." He goes on to explain to his mother that he is "guilty, but there are loopholes in the law." The Defendant then asks his mother, "If I'm guilty, shouldn't I just plead guilty? Isn't that the right thing to do?"

## ARGUMENT

It is apparent from the phone call that the Defendant is discussing the fact that he admits having sex with A.B.D. and that he was advised by counsel of an affirmative defense. In

addition, it is apparent that the Defendant does not fully understand what an affirmative defense is, referring to it multiple time as a "loophole" or "technicality."

First, the phone call is not relevant. It bears no merit to any fact that is of consequence in the determination of this action. The Defendant already admitted to F.B.I agents that he had sex with A.B.D. Therefore, that is not at issue. The issue in this case is whether the Defendant reasonably believed that A.B.D. had attained the age of 16. The only thing that the recording would be relevant to is the Defendant's understanding, or lack thereof at the time, of an affirmative defense. That knowledge is of no consequence to the probability of any facts necessary to the determination of this action. Therefore, the audio recording should be excluded under Federal Rules of Evidence 401.

Second, the audio should be excluded because it's probative value is substantially outweighed by the danger of unfair prejudice to the Defendant. Even if this Court finds the audio to be relevant, there is substantial danger that the jury could consider the Defendant's statements to be a confession. In fact, when this audio was first presented to the undersigned counsel by the Assistant United States Attorney, it was presented as though it were a confession. Upon listening to the statements in context, however, it became obvious to this writer that the Defendant had an erroneous interpretation of an affirmative defense and that his statements as to his "guilt" were simply admissions to engaging in sexual intercourse with A.B.D. Therefore, the audio should be excluded under Federal Rules of Evidence 403.

Lastly, the audio should also be excluded for considerations of undue delay and waste of time. The Defendant has already admitted to having sexual intercourse with A.B.D., therefore presentation of his conversation with his mother admitting the same would waste the jury's time

and cause undue delay. This writer has no doubt that the government will present evidence through the testimony of law enforcement agents that the Defendant admitted the same. Therefore, the audio should be excluded, again, pursuant to Federal Rules of Evidence 403.

The defendant believes that the introduction of any audio tapes of the June 25, 2012, phone call are prohibited under Rules 401 and 403 of the Federal Rules of Evidence and that this Court should grant defendant's Motion ordering that such evidence not be admitted during the trial.

The Defendant respectfully requests hearing on this matter.

Dated this 10th day of October, 2012.

                              Respectfully submitted,

                              NEIL FULTON
                              Federal Public Defender
                              By:

                              */s/ Heather M. Mitchell*
                              Heather M. Mitchell
                              Assistant Federal Public Defender
                              Attorney for Defendant
                              Office of the Federal Public Defender
                              Districts of South Dakota and North Dakota
                              324 North 3rd Street, Suite 1
                              Bismarck, ND 58501
                              Telephone: 701-250-4500 Facsimile: 701-250-4498
                              filinguser_SDND@fd.org

CERTIFICATE OF SERVICE

I hereby certify that on October 10, 2012, the following document(s):

**Memorandum in Support of Motion in Limine**

were filed electronically with the Clerk of Court through ECF, and that ECF will send a Notice of Electronic Filing (NEF) to the following:

> Gary Delorme
> gary.delorme@usdoj.gov

I further certify that copy of the foregoing documents and the Notice of Electronic Filing will be mailed first class mail, postage paid, to the following non-ECF participants:

> /s/ Heather M. Mitchell
> Heather M. Mitchell,
> Assistant Federal Public Defender